**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6565 W. Sunset Blvd., Ste. 410
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA STONE, individually and on behalf of all others similarly situated, | Case No. **'15CV0237 BEN KSC** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| THE SAN DIEGO UNION-TRIBUNE, LLC, AND DOES 1 THROUGH 10. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**CLASS ACTION COMPLAINT**
-1-

Plaintiff AMANDA STONE (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. The Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227, is a remedial statute enacted by Congress to protect consumers from unwanted autodialed/pre-recorded voice calls and faxes. As is applicable here, Congress specifically recognized that the use of automated technology in calls to consumers was more intrusive and raised greater privacy concerns than calls using live representatives:

> It is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons. These automated calls cannot interact with the customer except in preprogrammed ways, do not allow the caller to feel the frustration of the called party, fill an answering machine tape or a voice recording service, and do not disconnect the line even after the customer hangs up the telephone. For all these reasons, it is legitimate and consistent with the Constitution to impose greater restriction on automated calls than on calls placed by "live" persons.

S. Rep. No. 102-178 (Oct. 8, 1991); *see also* Pub. L. No. 102-243, § 2(12) (1991), *codified at* 47 U.S.C. § 227 ("Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion."). Such calls to cell phones were seen as particularly problematic. *See* S. Rep. No. 102-178 (Oct. 8, 1991) (noting that "unsolicited calls placed to … cellular … telephone numbers often impose a cost on the called party).

2. Accordingly, the TCPA explicitly prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"  47 U.S.C. § 227(b)(1)(A)(iii).  The statute provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated.  47 U.S.C. § 227(b)(3).

3. The TCPA also ensures that parties involved in causing illegal calls to be made are appropriately held accountable, whether they physically made the calls or not.  *See generally In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574 (2013) (finding that vicarious liability under federal common law agency principles is available for violations of the TCPA, including not only based on classical agency, but on other theories, as well, such as apparent authority or ratification); *see also In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565, para. 10 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

4. In this case, Defendant THE SAN DIEGO UNION-TRIBUNE, LLC (hereinafter, "Defendant")—a media/newspaper publisher—has engaged in illegally calling consumers' cellular telephone numbers using an automatic telephone dialing system ("autodialer" or "ATDS").  More simply put, without first obtaining prior express consent of the called party, Defendant has illegally called the cellular telephones of hundreds if not more individuals utilizing an ATDS.

5. Consequently, Plaintiff brings this action for herself and others similarly situated, seeking damages and any other available legal or equitable

**CLASS ACTION COMPLAINT**
-3-

remedies resulting from the illegal actions of Defendant in negligently, knowingly, and/or willfully contacting them on their telephones in violation of the TCPA.

## JURISDICTION & VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 as Plaintiff and the putative class see relief under a Federal statute, the TCPA, 47 U.S.C. § 227, et seq. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012).

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the state of California and the County of San Diego and Plaintiff resides within this judicial district.

## PARTIES

8. Plaintiff AMANDA STONE ("Plaintiff") is a natural person residing in California, and is a "person" as defined by 47 U.S.C. § 153(10).

9. Defendant SAN DIEGO UNION-TRIBUNE, LLC ("Defendant") is a business with its state of incorporation being in Delaware, constituting a "person" as defined by 47 U.S.C. § 153(10).

## FACTUAL ALLEGATIONS

10. Defendant is media/newspaper publisher.

11. Defendant's regular business practices include publishing news and other information to individuals by way of written publication and online publication. Further, part of Defendant's regular business practices also includes contacting potential subscribers by telephone in connection with soliciting subscriptions to Defendant's publications.

12. Within the four years prior to the filing of this action, Defendant or its agents/employees initiated automated telephone calls to cellular telephones. On information and belief, Defendant caused dialing equipment to be used to dial

**CLASS ACTION COMPLAINT**
-4-

the cellular telephone numbers of potential subscribers and others, including Plaintiff.

13.   Such dialing equipment had the capacity to dial numbers without human intervention, and constituted an "automatic telephone dialing system" within the meaning of the TCPA. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14092, para. 132 (2003) ("*2003 FCC Ruling*") (acknowledging that an ATDS constitutes equipment with "the *capacity* to dial numbers without human intervention") (emphasis in original); *accord Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (2013).

14.   Unfortunately, many of the people whose cellular telephones were called as a result of Defendant's autodialing practices never actually consented to receive such calls, whether because Defendant acquired the individual's number through skip tracing or another indirect method, the number in Defendant's database attributable to the potential subscriber was incorrect, or any other number of reasons.

15.   On information and belief, including considering the experience of Plaintiff described below, Defendant lacked a sufficiently adequate system for preventing autodialed calls to telephones for which they did not have prior express permission to call.

### FACTS RELATING TO AMANDA STONE

16.   Beginning in or around January of 2015, Defendant contacted Plaintiff on her cellular telephone number ending in 5519, in an attempt to solicit Plaintiff into subscribing to one of the periodicals Defendant provides to consumers.

17.   Specifically, on or about January 27, 2015, Defendant placed an autodialed call to Plaintiff's cellular telephone ending in 5519 attempting to solicit Plaintiff's business by offering her a special offer where Plaintiff would

only be required to pay $15.00 to secure a subscription to Defendant's newspaper.

18. On information and belief, Defendant used an ATDS to place these calls to Plaintiff, seeking to solicit Plaintiff's business.

19. This ATDS has the capacity to store or produce telephone numbers, which, if utilized in such a fashion, can be used to dial numbers in a random or sequential fashion and be used in connection with a number generator.

20. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

21. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. Defendant utilized the phone number (619) 268-6827 to contact Plaintiff for the January 27, 2015 phone call.

23. Plaintiff is not nor has ever been a subscriber of any of Defendant's publication, nor had Plaintiff provided Defendant with her cellular telephone number at any time to receive such automated sales calls. Thus, Defendant did not have Plaintiff's "prior express consent" to make calls to her cellular telephone using an automatic telephone dialing system. *See* 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and all others similarly situated, as members of the proposed class (the "Class") defined as follows:

> All persons within the United States who, within the four years prior to the filing of the complaint in this action, through the date of certification, Defendant or its agent/s or employee/s caused to be made any telephone calls to said person's cellular telephone through the use of any automatic telephone dialing system, where such person had not previously consented to receiving such call.

25. Plaintiff represents, and is a member of, the Class, having been called by Defendant on her cell phone through the use of an automatic telephone dialing system without her prior express consent.

26. Plaintiff does not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believe, and hereon allege, that the Class includes hundreds of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones, thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

29. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

      a.    Whether, within the four years prior to the filing of this action, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

      b.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

30.    As a person who received a call from Defendant using an automatic telephone dialing system, without her prior express consent, Plaintiff is asserting claims that are typical of the Class.

31.    Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

32.    A class action is superior to other available methods of fair and efficient adjudication of the controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, it would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

33. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the this Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

34. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227**
**(Against All Defendants)**

35. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

36. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

37. "Automatic telephone dialing system" refers to any equipment that has "the *capacity* to dial numbers without human intervention." *See 2003 FCC Ruling*, 18 FCC Rcd. at 14092, para. 132.

38. Defendant caused equipment having the capacity to dial numbers without human intervention to be used to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

39. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In

fact, Defendant did not have prior express consent to call the cell phone of Plaintiff and the other members of the Class when the autodialed calls were made.

40. As such, Defendant's calls were willful or, at a minimum, negligent. *See* 47 U.S.C. § 312(f)(1).

41. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by causing an automatic telephone dialing system to be used to make non-emergency telephone calls to Plaintiff and the other members of the Class without their prior express permission.

42. As a result of Defendant's conduct and pursuant to Section 227(b)(3)(B) of the TCPA, Plaintiff and the other members of the putative Class are each entitled to a minimum of $500.00 in damages for each violation.

43. Because Defendant knew or should have known that Plaintiff and the other members of the Class had not given prior express consent to receive the calls to their cell phones and/or willfully used an automatic telephone dialing system to call the cell phones of Plaintiff and the other members of the Class without prior express permission, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Class pursuant to 47 U.S.C. § 227(b)(3).

44. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the other members of the Class, pray for the following relief against Defendant:

    a. An order certifying the Class defined above, appointing Plaintiff as representatives of the Class, and appointing their attorneys as class counsel;

      b.    An injunction prohibiting Defendant from calling Plaintiff's and the other Class members' cell phone numbers using an automatic telephone dialing system without obtaining prior express consent;

      c.    An award of statutory damages; and

      d.    Such further and other relief the Court deems reasonable and just.

Date: February 5, 2015                **MARTIN & BONTRAGER, APC**

                                           By:*/s/ Nicholas J. Bontrager*
                                                Nicholas J. Bontrager
                                                Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**
-11-